IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KATHY POPPA,<br><br>      Plaintiff,<br><br><br><br>      vs.<br><br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER REMANDING FOR FURTHER FINDINGS<br><br><br><br><br>Case No. 1:06-CV-006 TS |

    This matter came before the Court on September 13, 2006, for hearing on Plaintiff's

Motion to Reverse or Modify Administrative Decision.

    Plaintiff Kathy Poppa (Poppa) is a 48-year old woman who claims she is disabled

due to degenerative disc disease, arthritis, carpal tunnel syndrome, dysthymic[1] disorder,

pain disorder, and a personality disorder.  She contends that the Social Security

Administrative Law Judge (ALJ) erred by failing to make specific findings as required by

_____

    [1]Depression.

1

the various social security regulations.[2]  She seeks reversal and award of benefits or, alternatively, a remand with instructions to the ALJ to make the correct findings.

The Commissioner contends that the record supports the ALJ's findings.  She argues that the ALJ "thoroughly discussed" the medical evidence and appropriately summarized his conclusions "without unnecessary repetition of the evidence" and asserts that the ALJ's "analysis clearly indicated that he accepted and incorporated" the State Disability Determination Services (DDS) report's findings.

This Court's review of the ALJ's Decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[3]  If supported by substantial evidence, the findings are conclusive and must be affirmed.[4]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]   The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[6]

---

[2]20 C.F.R. § 416.920a(e)(2).

[3]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[4]*Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[5]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th  Cir. 1996).

[6]*Id*.

2

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[7]   However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ.[8]

"While a claimant's credibility is generally an issue reserved to the ALJ, the issue is reviewable to ensure that the underlying factual findings are 'closely and affirmatively linked to substantial evidence, and not just a conclusion in the guise of findings.'"[9]

Turning to the present case, the lack of adequate and express findings precludes effective review of the ALJ's findings.   The Court finds that the ALJ failed to make specific findings in several areas.

Under the so-called B Criterion, in order to properly analyze the claimant's mental impairment, the ALJ's Decision must include "specific findings as to degree of limitations in each of the functional areas" and "set forth the significant history and functional limitations that were considered in reaching the conclusion about the severity of mental impairment."[10]

 The ALJ did, as noted by the Defendant, briefly summarize the DDS report's findings on these issues.  However, the ALJ did not specifically adopt that DDS report's findings.   There was contrary evidence in the record, especially from Poppa's own

---

[7]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[8]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[9]*Swanson v. Barnhart,* 2006 WL 2147557, *1 (10th Cir. 2006) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

[10]*Branum v. Barnhart,* 385 F.3d 1268, 1273 (10th Cir. 2004) (quoting 20 C.F.R. §416.920a(e)(2)).

testimony, which required the ALJ to make specific findings on the issue.  On remand, the ALJ should also make findings on the so-called "C" criterion and Poppa's claim that she is disabled by a combination of impairments.

The ALJ did not specify whether or not he was finding that Poppa did not meet the Listing 1.04 for disorders of the spine. There was evidence from Poppa's testimony that walking was difficult due to pain.[11]  If, as the Commissioner now argues, the ALJ relied upon the opinion of the reviewing physicians in finding that she met the requirements of the 1.04 Listing, the ALJ should have made that finding in the record, so that it could be properly reviewed.

At step five, the Court finds that the ALJ failed to make specific findings on several issues including Poppa's credibility and subjective complaints of pain.

Social Security Regulation 96-7p, and the case law from this Circuit, such as *Kepler* and *Luna*, provides specific guidance for evaluating a claimant's credibility, including credibility regarding the severity of pain.  The Court agrees with Poppa that while the ALJ recited that he was evaluating medical opinions in accordance with SSR 96-7p, he did not comply with the regulation.  That regulation makes it clear that the ALJ must have considered such factors as the consistency of Poppa's statements, the persistence of Poppa in seeking medical treatment and relief for pain, use of medications to relieve pain, and daily activities.  The ALJ failed to apply SSR 96-7p by considering all relevant factors and by failing to make specific findings linked to specific evidence in the record.

---

[11]Rec. at 364.

As in the *Kepler*[12] case, the ALJ in this case "gave his conclusion but not the reasons for his conclusion." The ALJ stated that he was applying the necessary framework but left the Court to speculate what specific evidence led the ALJ to find Poppa's pain was not disabling or what specific evidence led the ALJ to conclude that Poppa's testimony was not credible. To comply with the regulation and case law, the ALJ must identify which testimony he finds to be not credible and must set forth the specific evidence he relies upon in evaluating credibility.[13] The ALJ did not attempt to link his credibility determination to substantial evidence because he failed to pinpoint any specific evidence contradicting or undermining specific assertions made by Poppa.

The Court will defer to an ALJ's evaluation of credibility as long as the findings are linked to substantial evidence.[14] In this case, the ALJ's summary findings are not linked to specific evidence and, therefore, not linked to substantial evidence. It is therefore

ORDERED that Plaintiff's Motion to Reverse or Modify Administrative Decision (Docket No. 14) is GRANTED IN PART and this case is remanded. It is further

---

[12]*Kepler,* 68 F.3d at 391 (noting that the ALJ should have considered factors such as "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence").

[13]*Qualls*, 206 F.3d at 1372.

[14]*Kepler,* 68 F.3d at 391.

ORDERED that this case is REMANDED to the Commissioner for the purpose of making findings as set forth above.

DATED March 28, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge